Gustave J. DeTraglia, Jr., Esq. Informal Opinion Town Attorney No. 2000-11 Town of New Hartford 1425 Genesee Street New Hartford, N Y 13501
Dear Mr. DeTraglia:
You have inquired whether the town supervisor may appoint as deputy supervisor the attorney now under contract to defend the town in the real property tax assessment matters known as certiorari proceedings, which takes place in Supreme Court. In our view, the subject attorney should not serve as deputy supervisor.
Under section 42 of the Town Law, the town supervisor appoints a deputy supervisor to serve during his absence or inability to act or while the office of supervisor is vacant. In these circumstances, the deputy supervisor is authorized to preside at meetings of the town board and is vested with all of the powers of the supervisor, except that he has no voting power on matters coming before the town board and does not serve as a member of the county board of supervisors. Town Law § 42. Any person, including a town officer or employee, may be appointed deputy supervisor provided that the person possesses the qualifications required for elected town officers. Id. Prior to performing any duties, the deputy supervisor is required to take and file the constitutional oath of office and execute and file an official undertaking in the manner prescribed by law. Id.
Public officials must avoid actions which erode public confidence in the integrity of government. See Op Atty Gen (Inf) No. 89-35; Op Atty Gen (Inf) 84-11. While section 42 of the Town Law permits any person, including a town officer or employee, to serve as deputy supervisor, it cannot be construed to mean "any person" without limitation. Conflicts of interest may preclude an otherwise eligible person from holding public office. Thus, for example, section 805-a of the General Municipal Law, while not applicable here, provides that individuals may not, at the same time, continue in office while engaging in prohibited activities. Similarly, we believe that conflicts of interest can make a person ineligible to hold the office of deputy supervisor.
Under the facts presented, a person who has a contract with the town would also act as deputy supervisor. As deputy supervisor, he would, in the absence of the supervisor, preside at meetings of the town board, except he would have no right to vote. His service on the town board would likely be recurring and could last for an extended period. This would raise two substantial conflicts.
The first would arise in negotiating the renewal of his contract with the town board. Obviously, the deputy supervisor would at a minimum have to step down from participation in the town board during discussions on the matter. In our view, however, recusal would not be an adequate safeguard. The attorney whose contract was at issue would be negotiating with his colleagues on the town board, which creates doubt as to whether the interests of the town and its taxpayers are represented effectively. This situation creates at least an appearance of impropriety and erodes confidence in the integrity of government.
Second, while serving as both counsel and deputy supervisor, the individual would be advising himself, as a member of the town board, on such matters as whether to pursue, settle or take other action with respect to cases he is handling. These decisions are made by the town board. See Town Law § 65. The deputy supervisor thus would simultaneously be attorney and client, an obvious conflict of interest. As discussed above, recusal would be an inadequate remedy. The attorney would be advising his colleagues on the board, a situation which creates at least an appearance of impropriety.
We conclude that an independent contractor who defends the town in real property tax certiorari proceedings should not serve as deputy supervisor. We note that a common arrangement is that another member of the town board serve as deputy supervisor. In our view, this appointment serves the statutory purpose of providing for continuity of government and minimizes conflicts of interest.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions